IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACOB MOLINA,

        Plaintiff,

v.                                                        Case No. 13-1025-JTM

AGENTS GREG PEREZ and
KARL TIMMONS, in their
individual capacities,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff Jacob Molina's Motion for Review of costs taxed (Dkt. 115). Plaintiff brought the underlying *Bivens* action against Immigration and Customs Enforcement Agents Greg Perez and Karl Timmons alleging unreasonable seizure and excessive use of force. Defendants prevailed on all counts at a jury trial. They submitted a bill of costs and the clerk taxed costs of $3,918.25 against plaintiff. Plaintiff now seeks judicial review of those costs under FED. R. CIV. P. 54(d).

**I. Legal Standard**

Costs, other than attorney's fees, "should be allowed to the prevailing party" unless otherwise provided by federal statute, these rules, or a court order. FED. R. CIV. P. 54(d)(1). The nonprevailing party may seek judicial review of costs within 7 days of the date the clerk taxes costs. D. KAN. R. 54.1(c); FED. R. CIV. P. 54(d).

## II. Analysis

**A. Defendants' motion for costs was timely.**

Plaintiff argues that defendants' motion for costs was untimely because it was filed 31 days after entry of judgment, and "[a] plain reading of [FED. R. CIV. P. 54(d)(1)] provides that such motion should be filed within 7 days of the entry of judgment" (Dkt. 115, at 1). Plaintiff misunderstands Rule 54(d)(1). As explained below, defendants had 60 days, not 7 days, after the entry of judgment to file a bill of costs; 7 days is the time allowed for a nonprevailing party, such as plaintiff, to object to the clerk's taxation of costs.

"The party entitled to recover costs must file a bill of costs on a form provided by the clerk . . . within 30 days after: (A) the expiration of time allowed for appeal of a final judgment or decree . . . ." D. KAN. R. 54.1(a)(1). A notice of appeal may be filed within 30 days after entry of the judgment. FED. R. APP. P. 4(a)(1)(A). The rules therefore allotted defendant, as the prevailing party, 60 days after the entry of judgment to file a bill of costs.

"The clerk may tax costs on 14 days' notice" and the court may review the clerk's action on motion served within 7 days thereafter. FED. R. CIV. P. 54(d)(1). Thus, plaintiff had 7 days after the clerk taxed costs to move for judicial review thereof.

Here, judgment was entered on February 3, 2015. (Dkt. 106). Defendants, as prevailing parties, had until April 6, 2015, to file a bill of costs with the clerk. They filed a bill of costs on March 6, 2015, well within the time allotted.

**B. Defendants may recover costs as assessed by the clerk.**

Plaintiff argues that costs were unnecessary and excessive, that defendants were only partially successful, and that he is indigent. The court disagrees.

A prevailing party is presumptively entitled to costs. *Zeran v. Diamond Broad, Inc.*, 203 F.3d 714, 721-22 (10th Cir. 2000). "[T]o deny a prevailing party its costs is in the nature of a severe penalty, such that there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659 (10th Cir. 2013) (quotations omitted). Circumstances in which the court may deny taxation of costs include:

> (1) the prevailing party is only partially successful, (2) the prevailing party was obstructive and acted in bad faith during the course of the litigation, (3) damages are only nominal, (4) the nonprevailing party is indigent, (5) costs are unreasonably high or unnecessary, or (6) the issues are close and difficult.

*Id.* (quotations omitted).

<u>1. Costs taxed are not unreasonably high or unnecessary.</u>

The clerk may tax fees for materials that were "reasonably necessary for use in the case at the time the expenses were incurred." *In re Williams Secs. Litig.-WCG Subclass*, 558 F.3d 1144, 1149 (10th Cir. 2009). "Whether materials are necessarily obtained for use in the case is a question of fact to be determined by the district court." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336,

*a. Subpoenas*

The clerk awarded $70.94 in costs for six subpoenas. Defendants did not seek costs for four subpoenas served by the United States Marshal's Office. The evidence

3

indicates that defendants incurred and paid such costs. Plaintiff argues that certain unspecified subpoenas were unnecessary because plaintiff informed defendants that the witnesses would appear voluntarily. Plaintiff's assurances do not guarantee witness attendance. A subpoena secures such assurance with the force of the court and is reasonably necessary to ensure preparation of the case. Nor does plaintiff's assertion that a witness will appear voluntarily dissolve defendants' power to secure witness testimony through the issuance of a subpoena. *See* FED. R. CIV. P. 45. Defendants reasonably incurred the cost of six subpoenas in preparing their case, and such costs were properly taxed.

   *b. Deposition Transcripts*

Plaintiff argues that costs taxed for deposition transcripts is excessive because defendants did not prevail on their summary judgment motions and because the deposition materials were only briefly used at trial. Deposition materials need not actually be used at summary judgment or even designated for trial to justify taxation of their cost. *In re Williams*, 558 F.3d at 1149. The prevailing party is not limited to "costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment . . . ." *Id.*

Defendants sought costs for five deposition transcripts in the amount of $2,846.17. (Dkt. 111-3). All five transcripts were utilized either at summary judgment or trial. Defendants' failure to succeed at summary judgment does not render them only partially successful, and thus subject to penalty, because they prevailed fully at trial. *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234-35 (10th Cir. 2001).

Plaintiff also argues that he should only be taxed $1,891.10 for the transcripts because that is the amount he paid for copies of the same transcripts. However, defendants incurred and paid the costs for original transcription and copies of the depositions; plaintiff paid only for copies and not for the original transcripts. Defendants will not be penalized for taxing actual costs incurred for reasonably necessary materials. Defendants will recover the $2,735.35 taxed by the clerk for deposition transcripts.

 *c. Witness Fee*

Plaintiff further argues that it was unnecessary to pay a $40 witness fee to Mrs. Molina, presumably because she did not request such a fee. Witness fees are recoverable under 28 U.S.C. § 1920(3). Plaintiff does not argue that it is unreasonable to pay witness fees. Nor does he show that Mrs. Molina refused the $40 and thus rendered taxation of the same unnecessary or excessive. Rather, Mrs. Molina signed and dated her own witness fee voucher. (Dkt. 111-4). Defendants incurred and paid Mrs. Molina's statutory witness fee. Plaintiff fails to show that defendants should be penalized for requesting reimbursement for Mrs. Molina's witness fee.

 *d. Unused Exhibits*

Defendants incurred and paid $197.00 in costs for preparing copies of two photographs as exhibits that were not used at trial. Plaintiff argues that the costs are unnecessary because the exhibits were not used. "[T]he burden of justifying copy costs is not a high one." *In re Williams*, 558 F.3d at 1149. The costs are justified if the copies were reasonably necessary for use in the case. *Id.*

5

The exhibits in question were photographs of the location of the incident at issue in the trial. It is reasonable to expect that such an exhibit may be useful during the trial. It is further reasonable that counsel may choose not to use the exhibit as the case unfolds at trial. Preparation of the copies was reasonably necessary, regardless of whether they were used at trial.

*e. Interpreters*

Defendants incurred and paid $875 in costs for interpreters used while deposing Spanish-speaking witnesses. Plaintiff argues that he should not pay the costs because he is indigent and that he "should not be punished simply because some who witnessed the events *needed* an interpreter." (Dkt. 115, at 4) (emphasis added). However, he provides no evidence that he is indigent. Instead, plaintiff argues that he is "a hard-working American" who is paid hourly wages "on the line at Boeing." (Dkt. 115, at 2, 4). Moreover, plaintiff acknowledges that the witnesses needed interpreters. Defendants reasonably incurred the costs of interpreters and they will be taxed to plaintiff.

Plaintiff fails to demonstrate circumstances warranting the penalization of defendants by denying or further reducing their recovery of costs.

IT IS ACCORDINGLY ORDERED this 5th day of August, 2015, that plaintiff's Motion (Dkt. 115) is DENIED.

s\ J. Thomas Marten
J. THOMAS MARTEN, JUDGE